
FILED

NOV 27 2012

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 11-09-GF-SEH |
| | CV 12-55-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE |
| JOLAINE LEE FLAMMOND, | OF APPEALABILITY |
| Defendant/Movant. | |

On August 6, 2012, Defendant/Movant Jolaine Flammond ("Flammond"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255

Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Flammond was charged in a three-count indictment with drug offenses. She pled guilty to Count II, which alleged that she "knowingly possessed, with intent to distribute, five grams or more of actual (pure) methamphetamine . . . in violation of 21 U.S.C. § 841(a)(1)," between July 1, 2009, and April 30, 2010. Indictment (doc. 1) at 3; Plea Agreement (doc. 18) at 3 ¶ 4. Count II subjected Flammond to a mandatory minimum sentence of at least five years in prison. 21 U.S.C. § 841(b)(1)(B)(viii).

A presentence report was prepared. The base offense level was 28,

corresponding to at least 200 grams and up to 350 grams of a mixture containing methamphetamine. U.S.S.G. § 2D1.1(c)(6). Flammond received a two-point enhancement under U.S.S.G. § 2D1.1(b)(1) because she sold or gave three firearms to her supplier or co-conspirators. She received a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Her total offense level was 27. With a criminal history category of I, Flammond's advisory guideline range was 70-87 months. Presentence Report ¶¶ 56-66, 70. On August 19, 2011, Flammond was sentenced to serve 84 months in prison, to be followed by a four-year term of supervised release. Minutes (doc. 33); Judgment (doc. 34) at 2-3.

Flammond appealed her sentence. On July 25, 2012, the Court of Appeals affirmed it. *United States v. Flammond*, No. 11-30242 (9th Cir. July 25, 2012) (unpublished mem. disp.) (doc. 44). Her conviction became final ninety days later, on October 25, 2012. 28 U.S.C. § 2255(f)(1).

Flammond timely signed her § 2255 motion and deposited it in the prison mail system on August 1, 2012. Mot. § 2255 (doc. 45) at 6; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

### III. Claims and Analysis

Flammond contends that counsel was ineffective in two respects. *Strickland*

*v. Washington*, 466 U.S. 668 (1984), governs such claims. First, Flammond must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, she must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. Drug Amount

Flammond claims that counsel did not adequately contest the drug amount used to determine the base offense level in the advisory guideline calculation. She explains that some of the drugs attributed to her were intended for her personal use, not for distribution. Mot. § 2255 (doc. 4) ¶ 12A.

Counsel raised the personal-use issue in his Sentencing Memorandum and on appeal. Sentencing Mem. (doc. 29) at 4-5; Appellant Br. at 21-26, *Flammond*, No. 11-30242 (9th Cir. filed Dec. 13, 2011). He argued the evidence before the Court was not sufficient to establish 200 to 350 grams. He urged the use of the 8.9 grams of pure methamphetamine (out of 20 grams of a mixture containing methamphetamine)

that Flammond had in her possession when she was arrested on January 21, 2010. Offer of Proof at 3-4 ¶¶ 2-3; Presentence Report ¶ 15.

But the probation officer who prepared the Presentence Report specifically considered Flammond's personal use in arriving at his very conservative estimate that she was accountable for 200 to 350 grams of methamphetamine. *See* Presentence Report ¶¶ 52, 88. The report was sufficient to establish a reliable, if conservative, drug amount. *Id.* ¶¶ 15-52.

Further, at the change of plea hearing, Flammond herself identified several details in the United States' Offer of Proof with which she disagreed. *See* Change of Plea Hr'g (doc. 41) at 29:24-34:9. She agreed, however, that she "admitted to purchasing over 200 grams of methamphetamine *for distribution*" between late November 2009 and January 2010. Offer of Proof (doc. 20) at 4 ¶ 5 (emphasis added).

Flammond does not allege, and the record does not show, an unreasonable decision or omission on counsel's part. Nor is there a reasonable probability that she could have obtained a base offense level of 26 rather than 28 had she claimed a greater level of "personal use" than she disclosed to the probation officer. Presentence Report ¶ 88. This claim is denied.

## B. Potential Penalties

Second, Flammond alleges that "Defense counsel failed to discuss the penalties in sentencing, therefore the defendant was misled in the amount of time that she would be serving in prison." Mot. § 2255 at 4 ¶ 12B. But the Court discussed the penalties with Flammond at the change of plea hearing:

> The Court: [I]f you are convicted of this offense, Ms. Flammond, you are facing a mandatory minimum time of custody five years. You could be facing up to 40 years in prison; you'll be facing at least four years of supervised release following discharge from prison; and you could be fined as must as $2 million.
> Do you understand you face those potential penalties?
>
> Flammond: Yes, I do.

Change of Plea Tr. (doc. 41) at 12:21-13:3; *see also id.* at 24:9-26:5. Even assuming, as Flammond says, that counsel "failed to discuss" potential penalties, she was not misled about the amount of time she would serve. The prejudice prong of *Strickland* is not met. This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Flammond's claims are directly refuted by the record of the proceedings. Although she says some of the drugs attributed to her for sentencing purposes were for personal use, she specifically admitted at her change of plea hearing that she purchased over 200 grams of methamphetamine "for distribution," and the probation officer specifically took her self-reported personal use into account in calculating a very conservative base offense level. Flammond also contends counsel "failed to discuss the penalties in sentencing," so that she was "misled in the amount of time that she would be serving in prison." But she was specifically advised that she faced a mandatory minimum of five years and could be sentenced to up to 40 years in prison. She said she understood. Her sentence of seven years was well within that range. She was not misled. There are no open questions and no reasons to encourage further proceedings. A COA is denied.

ORDERED:

1. Flammond's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 45) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Flammond files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-55-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Flammond.

DATED this 26th day of November, 2012.

Sam E. Haddon
United States District Court